**James Bauer TOLAN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 22739.

United States Court of Appeals
Ninth Circuit.

Dec. 2, 1968.

James B. Tolan, pro se.

James P. Alger, U. S. Atty., Agana, Guam, for appellee.

Before HAMLEY, JERTBERG and BROWNING, Circuit Judges.

JERTBERG, Circuit Judge:

Appellant appeals from an order of the District Court dated December 4, 1967, denying his motion filed September 29, 1967, for relief pursuant to 28 U.S.C. § 2255, and from an order dated January 8, 1968, denying his motion to vacate and set aside the order of December 4, 1967.

Appellant is confined in the Federal Penitentiary [McNeil Island Penitentiary], located at Steilacoom, in the State of Washington, under a judgment of conviction following a jury trial in the District Court of Guam, on a charge of stealing personal property of a value in excess of $50.00 belonging to an electrical contracting firm, but located on land within the special maritime and territorial jurisdiction of the United States (18 U.S.C. § 7).

On appeal to this court the judgment of conviction was affirmed. Tolan v. United States, 370 F.2d 799, cert. denied 387 U.S. 932, 87 S.Ct. 2052, 18 L.Ed.2d 994 (1967).

In the pro per motion under 28 U.S.C. § 2255, appellant's basic allegation is that he was denied, at and during the trial resulting in his conviction, the effective assistance of counsel guaranteed to him under the Sixth Amendment of the Constitution of the United States, thereby reducing his trial to a sham and a farce, specifically it is alleged: that his retained counsel "was under doctors (sic) care and was under heavy medication at the time of trial" and "was unable to properly represent me at trial;" that appellant furnished to his retained counsel the names of several persons who were material witnesses but that his counsel failed to subpoena them to appear and testify on appellant's behalf; that retained counsel did not properly investigate the facts of the case; that retained counsel "assured me that there was no

need to put on a defense because I was being charged under the wrong section and there was not enough evidence to convict me under the section that I was charged under;" that retained counsel did not call appellant as a witness in his own behalf after appellant insisted that he be allowed to give testimony; and that the main prosecution witness was under psychiatric care by doctors at the time that he testified, but that such fact was not inquired into by retained counsel.

On October 30, 1967, after reciting that the United States Attorney would require time in which to initiate discovery or other proceedings, the District Court ordered that appellant's motion be set for hearing on December 4, 1967, for consideration of the motion, which order directed that a copy thereof be delivered to the appellant.

On November 7, 1967, the United States Attorney filed "interrogatories to be propounded upon plaintiff", and copy thereof was forwarded to appellant. We surmise that this procedure was adopted pursuant to the provisions of Rules 33 and 81(a) (2) of the Federal Rules of Civil Procedure.

The interrogatories were directed to appellant, and recites that the appellee requires of the appellant, answers under oath to the thereinafter stated interrogatories.

These interrogatories required appellant to state: Names and addresses of persons alleged to be material witnesses in his case; detailed testimony which they would supply; the time and place of conversations between appellant and his retained counsel concerning the calling of such persons and the reason given by said attorney for not subpoenaing them; when appellant first learned that his retained attorney was under "heavy medication at the time of the trial"; the circumstances of his receiving such information; any conversations with his attorney concerning such subject; in what manner counsel's physical condition hindered the trial; why a more thorough investigation by counsel would have

made appellant's defense more successful; what reasons were given by counsel to appellant for not calling appellant as a witness; what evidence counsel suppressed; and any conversations which took place between appellant and his counsel on that subject.

Appellant's answers to the interrogatories were filed on November 27, 1967. Included in this document is what appellant describes as "Additional Comment in Support" as supplementary to his motion for relief filed September 29, 1967.

In the answers to the interrogatories it is stated that the answers are filed in protest on the ground that Rule 33, Federal Rules of Civil Procedure, is not applicable to a habeas corpus proceeding, and an exception is noted to the use of interrogatories in 28 U.S.C. § 2255 proceedings.

In the answers to the interrogatories, appellant set forth: That Mrs. Lee James Abchure of San Ramon, Agana, if called as a witness, "would have refuted the testimony of [government] witness Wansor as concerned with one one-hundred dollar check purportedly given in payment for certain of the stolen merchandise," and as to "the absence of activities contended by the government to have taken place within [the] proximity of her home, on the night of the purported commission of the crime"; the Navy psychiatrist who attended government witness Wansor, while Wansor was undergoing psychiatric care at the United States Naval Hospital, would have testified as to the unreliability and incompetency of witness Wansor's testimony; two interns who attended witness Wansor while undergoing psychiatric care at the United States Naval Hospital, if called as witnesses, "would have given testimony as to witness Wansor's behavior, which would have been construed to be that of an ill psychotic and compulsive liar"; that two guards at the Naval brig while witness Wansor was confined while awaiting disposition of criminal charges then pending against him "would

have testified that witness Wansor was greatly depressed and necessitated restraint to prevent destruction of his own life, and that witness Wansor had while under their charge been reprimanded for his untruthfulness;" that in the conversations with his retained attorney prior to trial, appellant furnished the names and addresses of the above-named persons and the nature of their testimony, and his retained attorney stated that they would be subpoenaed for the trial; that appellant learned several days before the trial that his retained attorney suffered a stroke and was taking medication; that his retained attorney "did express to me his ill feeling and the handicap of his suffering because of pain in his right side caused by partial paralysis;" that appellant "not being a medical doctor or not having experience in psychosomatic behavior patterns as related with medicine," could give no more intelligent answer;

That at appellant's first trial the corpus delicti was established by the testimony of witness Wansor, and his testimony and the testimony of other government witnesses at the first trial was in dispute; that in the interval between his first and second trial, his retained attorney made no investigation to ascertain the truth of the testimony given by such witnesses at the first trial;

That in response to the question as to conversations between appellant and his retained attorney, appellant declined to answer such question "for the present", "for reasons of failure of intelligent comprehension, in the interest of myself as well as that of" his retained attorney; that his retained attorney "dismissed my plea to testify, by telling me that he did not have the time to put me on the stand, because he felt badly, and stated that he needed some rest that day before departing for the mainland, by plane. He assured me that I had nothing to worry about, because, 'in any event, we've got them beat on double jeopardy, if they find us guilty, in the Court of Appeals.' "; and in response to the question concerning the suppres-

sion of evidence by his retained counsel, and conversations with his attorney relating thereto, appellant stated that his answers to prior questions were sufficient "and that any further elaboration thereon at this time would conflict with my best interest without guidance of counsel."

In his "Additional Comment in Support", appellant stated that his retained counsel had a good reputation as an experienced and able lawyer "[b]ut all of this does not obviate the fact that [his retained counsel], under the stress and strain of his physical injury due to a Stroke, miscalculated his capabilities and proceeded to defend my interests in a court of law, while he was mentally distressed and physically unable."; and that his retained counsel "repeatedly administered oral medication unto himself during the entire period of the trial, had his arm in a sling and gave every indication of being a man restricted of his true capabilities and true responsiveness."

The findings of fact and conclusions of law were entered on December 4, 1967. This document recites that appellant's motion for relief came on for hearing on the 4th day of December, 1967, pursuant to notice. Appellant was not represented by counsel and no request for appointment of counsel was made. It is further recited that in his motion appellant contended "that he was denied the effective assistance of counsel, that counsel suppressed evidence favorable to him, and in response to interrogatories that he was denied the opportunity to testify in his own behalf."

The minutes of the court for December 4, 1967, reflect the following entry:
"1967

12–4 HEARING FOR CONSIDERATION OF PETITION:

No appearance on behalf of petitioner, James Bauer Tolan.

Respondent appeared by James P. Alger, U. S. Attorney.

The court remarked, among other things, that there is no application for the appointment of counsel on

78

behalf of petitioner, that there is no appearance by Mr. Tolan as he is presently confined at McNeil Island, and that the basic question in support thereof is as to the merits of the petition.

Statement made by counsel for respondent.

Counsel for respondent called upon [retained counsel] and was duly sworn and examined.

Statement by the court.

The hearing being closed, the court denied the petition in its entirety on the merits."

Whether a court reporter was present at the hearing on December 4, 1967, or, if present, whether the testimony of appellant's retained counsel was transcribed, we are unable to determine, either from the minutes of the court or elsewhere in the record on appeal. In any event, there is not in the record on appeal any transcript of such testimony.

Among the findings of fact made by the District Court are the following, in which we omit the name of appellant's retained counsel which appears in such findings. In place of the name of such counsel appearing in the findings, we have substituted or used a blank space.

"2. At all times he was represented by .......... counsel of his own choosing, and in answering interrogatories under 'Additional comment in support,' he commented very highly on Mr. ........'s capabilities at his first trial but contended that Mr. .......... was physically and mentally incapacitated at the time of his second trial.

"3. It is not true that Mr. ........ suffered a stroke as alleged. Mr. .......... had had an operation for the removal of a blood clot in his leg. Any medication consisted largely of taking vitamins. At the time of the second trial Mr. ..........'s arm was in a sling due to the fact that a nerve had been injured while giving shots and he was under medical instructions to keep his arm in a sling, largely to keep it out of water. There is no evidence that at any time Mr. ..........'s physical and mental capacities were impaired or that he did not provide adequate defense service for the petitioner.

"4. It is not true that witnesses favorable to the petitioner were not called. A Mrs. Lee James Abchure testified at the first trial that she was a neighbor of petitioner's and that during the night when stolen property was delivered at petitioner's home she heard nothing. This negative testimony was not offered at the second trial. The principal witness against petitioner was a Navy enlisted man by the name of Wansor. Wansor testified at length at both trials and under cross examination it was admitted that he had been in the psychiatric ward of the Navy Hospital. The United States had available the Naval psychiatrist to testify that this witness was mentally competent, but such testimony was not required.

"5. It is true that the petitioner was not called to testify in his own behalf as his counsel recommended against such testimony for the reason that he believed that the petitioner would harm rather than help his case if he so testified. It is not true that the petitioner was informed that counsel did not have the time to put him on the stand because he felt badly and needed rest. It is true that counsel expressed his best judgment that the conviction would be reversed on appeal, but it is not true that this in any way affected the conduct of the trial.

"6. There is no merit to any of the petitioner's contentions as shown by his answer to interrogatories and Mr. ..........'s testimony at the hearing. No purpose would be served by having the petitioner present."

As conclusions of law, it is stated:

"1. There is no merit in the petition heretofore filed pursuant to Section 2255, Title 28 USCA.

"2. The presence of the petitioner was not necessary.

"3. The petition is denied."

Following receipt by appellant of copy of the last mentioned document, and on January 9, 1968, appellant filed a motion to set aside the order issued December 4, 1967, in which is included an argument and memorandum of authorities in which appellant claims that in conducting the hearing on December 4, 1967, in his absence, without counsel, and without opportunity to present any evidence, or to cross-examine the testimony given at the hearing by his retained counsel, he has been deprived of due process.

The District Court denied the motion. The order states:

"As all the questions presented by the instant motion were considered previously, the motion to set aside the order of December 4, 1967 is denied."

From what appears in the foregoing part of this opinion, it is apparent to us that the District Court erred in its order of December 4, 1967, and its order of January 9, 1968. 28 U.S.C. § 2255, in pertinent part provides as follows:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, * * *, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"* * *.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, * * *, or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner * * * or grant a new trial or * * *.

"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

"* * *."

In the instant case the District Court did not deny appellant's motion for relief on the ground that the files and records of the case conclusively showed that appellant was entitled to no relief, but purportedly granted a hearing on the merits. It did not appoint counsel to represent appellant, although it was aware that appellant was without counsel, and also aware that appellant was in custody and unable to attend the hearing unless an order was made to produce appellant at the hearing.

The motion of appellant, and his answers to the interrogatories, raised issues of fact *de hors* the record concerning retained counsel's physical capacity at and during the trial due to his claimed "partial paralysis", and his general physical capacity to render effective assistance to appellant. Other issues of fact were raised as to retained counsel's diligence in procuring the attendance of witnesses, and the failure of retained counsel to call appellant as a witness, as requested by appellant. The District Court resolved these issues of fact adversely to the appellant on the testimony, at the hearing, of appellant's retained counsel and apparently from the court's

80

general knowledge of facts which do not appear in the record. All of this in the absence of appellant and counsel to represent him, and without opportunity to cross-examine retained counsel, or to present evidence on his own behalf. In our view, such proceeding deprived appellant of due process of law. See: United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1961); Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1962).

The orders appealed from are vacated and set aside and the cause remanded to the District Court for another hearing. In this connection we quote the following from Sanders, supra, pp. 20–21, 83 S.Ct. p. 1080:

"On remand, a hearing will be required. This is not to say, however, that it will automatically become necessary to produce petitioner at the hearing to enable him to testify. Not every colorable allegation entitled a federal prisoner to a trip to the sentencing court. Congress, recognizing the administrative burden involved in the transportation of prisoners to and from a hearing in the sentencing court, provided in § 2255 that the application may be entertained and determined 'without requiring the production of the prisoner at the hearing.' This does not mean that a prisoner can be prevented from testifying in support of a substantial claim where his testimony would be material. However, we think it clear that the sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing."

We suggest on remand that the District Court appoint counsel to represent appellant in further proceedings in the event appellant requests such counsel and makes a showing that he is financially unable to secure counsel of his own choosing.